## GOLDING BROS. CO., INC. *v.* UNITED STATES

**No. 5007.**—Invoices dated Vichte, Belgium, December 15, 20, 1937.
Certified December 18, 22, 1937.
Entered at New York January 5, 6, 1938.
Entry Nos. 101900, 101945.

(Decided September 24, 1940)

*Siegel & Mandell* (*Samuel T. Siegel* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

KINCHELOE, Judge: These appeals to reappraisement, both of which were consolidated for the purposes of trial by consent of the parties, involve the determination of the proper dutiable value of certain cotton mattress tickings imported from Belgium and entered at the port of New York. Plaintiff has limited its claim to certain qualities of the merchandise covered by the two shipments in question, which

disputed items are enumerated in schedules A and B, hereto attached and made a part hereof.

The merchandise in question was entered at what is claimed by plaintiff to be the proper dutiable export value of such merchandise. The appraiser, in his official action, found no foreign or export value for said merchandise, and therefore appraised it on the basis of United States value.

It is conceded by plaintiff that if the court finds United States value to be the proper basis for determining dutiable value of the instant merchandise, then the appraised values truly represent such value within the statutory definition thereof, as set forth in section 402 (e) of the Tariff Act of 1930.

The evidence introduced herein is entirely documentary, consisting of two affidavits which were offered on behalf of plaintiff and received in evidence as Exhibits 1 and 2, and a special agent's report with price lists and confirmations of orders attached which were submitted by counsel for defendant and admitted in evidence as Collective Exhibit 3.

The issue presented herein is the same as that which was before this court in the matter of *Golding Bros. Co., Inc.* v. *United States* (Reap. Dec. 4929), which also involved determination of the proper dutiable value of mattress tickings imported from Belgium by the plaintiff herein, and the testimony of plaintiff's witness in the cited case, upon which the decision therein was largely, if not entirely, based, was substantially the same as that introduced by plaintiff herein.

In the present case, as in the previous one referred to, plaintiff's witness, who testified that he is a member of the exporting firm and that he is familiar with all transactions involving merchandise such as that covered by the two shipments in question, stated in substance that his firm was *prepared and willing* to sell to others in the usual wholesale quantities and in the ordinary course of trade merchandise such as or similar to that in question, although no evidence was submitted to show offers for sale or actual sales of such or similar merchandise to others for export to the United States. The confirmations of orders in the United States, attached to the special agent's report, said Collective Exhibit 3, relate to transactions with the importer of the instant merchandise, and it is settled law that no export value is shown where the importer is the sole purchaser of merchandise in the home market and no evidence is produced to show sales of similar merchandise for export to this country. *United States* v. *D. J. Powers (for Franklin Co.) and Geo. Wm. Rueff*, 16 Ct. Cust. Appls. 185; T. D. 42811.

In the *Golding Bros. Co. Inc.*, case, *supra*, this court held in effect that the testimony of a member of the exporting firm that said concern

was *prepared and willing to sell to others*, without proof of offers for sale and actual sales of such or similar merchandise for export to the United States, was not sufficient to establish that the merchandise in question had been *freely offered for sale*, within the contemplation of the statute. This court said:

In my opinion, the broadest interpretation that can be accorded the above-quoted testimony of plaintiff's witness is that sales for export of identical cotton mattress tickings to others than the plaintiff herein would have been made if requests for such merchandise had been received from other prospective purchasers in the United States. In other words, said witness presents evidence of a hypothetical market, or what the exporting firm would have done if confronted by conditions not shown to have existed. Certainly such evidence can have no probative value in determining proper dutiable value of imported merchandise.

The evidence adduced herein, in my opinion, warrants the same conclusion, and I so hold.

The motion of counsel for defendant to dismiss the appeals to reappraisement under consideration is denied, and an exception to said ruling is allowed said counsel.

On the basis of the record before me I find the following facts:

(1) That the merchandise in question consists of certain cotton mattress tickings, of the qualities set forth in schedules A and B, hereto attached, and made a part hereof, imported from Belgium.

(2) That there was no foreign or export value for such or similar merchandise at the time of exportation of the cotton mattress tickings in question.

(3) That the proper basis for appraisement of said merchandise is United States value.

(4) That the proper dutiable United States values for the merchandise in question are the appraised values.

I therefore hold as matter of law that the correct dutiable values of said cotton mattress tickings are the appraised values, as set forth in fact (4). Judgment will be rendered accordingly.